NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELEANOR CAPOGROSSO, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| -vs- | : | Civil Action No. 08-CV-2229 (DMC) |
| | : | Consolidated with |
| STATE FARM INSURANCE CO., | : | |
| Defendant. | : | **OPINION** |
| ELEANOR CAPOGROSSO, | : | |
| Plaintiff, | : | |
| -vs- | : | Civil Action No. 07-CV-5324 (DMC) |
| 30 RIVER COURT, et al, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant State Farm Insurance Company to dismiss Counts Four, Five and Six of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court for the reasons herein expressed that Counts Four, Five and Six of the amended complaint are **dismissed**, and further that Plaintiff is **granted** leave to file a second amended complaint.

I.   **BACKGROUND**

Plaintiff filed a *pro se* complaint against her landlord and the Department of Housing and Urban Development, on November 7, 2007, alleging, *inter alia*, personal injury and property damage resulting from a water pipe that burst in her Jersey City, New Jersey, apartment on April 7, 2007. Plaintiff alleges direct water damage and property damage as a result of mold caused by the broken pipe. On April 2, 2008, Plaintiff filed a separate complaint against State Farm Insurance Company ("Defendant") in the Superior Court of New Jersey, Law Division, Bergen County, arising from the same pipe burst incident. In her action on that complaint, Plaintiff sought to recover under two separate insurance policies issued by Defendant: a Renters Policy (Policy # 30-C2-9699), and a Personal Articles Policy (Policy # 30-C7-9268-4). On the basis of diversity jurisdiction, Defendant timely removed this action to the United States District Court for the District of New Jersey on May 7, 2008. On June 3, 2008, by Order of the Honorable Mark Falk, U.S.M.J., Plaintiff's complaints were consolidated into a single action before this Court. On April 30, 2009, upon motion before the Honorable Mark Falk, U.S.M.J., Plaintiff was granted leave to amend the complaint for the purpose of alleging claims under the Consumer Fraud Act ("CFA"). On May 8, 2009, Plaintiff filed the amended complaint with the following additions:

> [Count Four -] The Defendant's actions were intended to deceive the Plaintiff by refusing to pay the Plaintiff and as a result committed a violation of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1, et seq. [sic]
>
> [Count Five -] The Defendants knew that its letters to Plaintiff failed to comply with the terms of the contract of insurance and as a result constituted a violation of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1, et seq. [sic]
>
> [Count Six -] The defendant refused to acknowledge Plaintiff's claim as required under the regulations of the Department of Insurance and Banking and as a result committed a per se violation of the New Jersey Consumer Fraud Act, N.J.S.A.,

2

56:8-1, et seq. [sic]

(Pl. Am. Compl. ¶¶ 21-23). These counts are the subject of Defendant's motion to dismiss. Plaintiff's opposition to this motion also asserts a claim for attorneys fees, court costs and filing fees. Further, in support of her claim under the CFA, Plaintiff underscores a May 29, 2008 letter from opposing counsel seeking Rule 11 sanctions. Plaintiff's opposition also asserts a claim for bad faith on behalf of the Defendant which is not the subject of this motion.

## II. LEGAL STANDARD

### A. Motion to Dismiss

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56.

### B. Leave to Amend

Pursuant to Fed. R. Civ. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so

requires." Id. "[I]n the event a complaint fails to state a claim, unless amendment would be futile, the [d]istrict [c]ourt must give a plaintiff the opportunity to amend her complaint." Phillips, 515 F.3d at 228. (reversing a district court decision where the court failed to conform with the foregoing mandate).

**III.   DISCUSSION**

  A. Consumer Fraud Act ("CFA")

"To state a claim under the CFA, a private 'plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss.'" Dabush v. Mercedes-Benz USA, LLC, 378 N.J. Super. 105 (App. Div. 2005) (internal citations omitted). "To constitute consumer fraud . . . the business practice in question must be 'misleading' and stand outside the norm of reasonable business practice in that it will victimize the average consumer . . . ." Id. (quoting New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super 8 (App. Div. 2003), cert.denied, 178 N.J. 249 (2003). "Simply showing a violation of the CFA, however, is insufficient to entitle a private citizen to damages under the Act." Id. "[T]he [CFA] does not provide for recovery of statutory damages where a plaintiff cannot show actual harm." Id. (quoting Cannon v. Cherry Hill Toyota, Inc., 161 F. Supp. 2d 362 (D.N.J. 2001)). "[A] private plaintiff must demonstrate 'an ascertainable loss of moneys or property, real or personal,' as a result of the defendant's unlawful conduct." Id. (citing N.J.S.A. 56:8-19). "To state a claim under the NJCFA, a plaintiff must allege that the defendant engaged in an unlawful practice that caused an ascertainable loss to the plaintiff." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) (citing Cox v. Sears Roebuck & Co., 138 N.J. 2 (1994)). Under the New Jersey CFA "unlawful

4

practice" constitutes the following:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise . . . .

N.J.S.A. 56:8-2.

"Importantly, [New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)." Dewey v. Volkswagon, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) (quoting Parker v. Howmedica Osteonics Corp., 2008 U.S. Dist. LEXIS 2570, *2 (D.N.J. Jan. 14, 2008)). "Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged.'" Frederico, 507 F.3d at 200 (citing Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id. In determining the sufficiency of a complaint for purposes of Rule 9(b), after-the-fact allegations will not be considered. Id. "It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 182 (3d Cir. 1988) (quoting Car Carriers v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1984)).

      *i.*    *Asserted Claims Under CFA*

Addressing Counts Four, Five and Six of the amended complaint, Defendant contends that

Plaintiff fails to assert a causal nexus between her alleged ascertainable loss[1] and the alleged fraud, namely, misrepresentation in relation to the Renters Policy and Personal Articles Policy. Further, Defendant argues that in failing to plead when the alleged misrepresentation occurred, which policy terms constitute misrepresentation and what facts demonstrate the alleged ascertainable loss incurred by Plaintiff, Plaintiff's claim is not consistent with the level of specificity mandated by the CFA. Emphasizing the conclusory nature of Plaintiff's amendments to her complaint, Defendant correctly asserts that Counts Four, Five and Six cannot survive the heightened pleading standard required by Fed. R. Civ. P. 9(b) and, therefore, are dismissed.

With respect to Count Six, Defendant also underscores the inadequacy of Plaintiff's claim purporting to establish a "per se" violation of the CFA on the basis of the "regulations of the Department of Insurance and Banking." Under the heightened pleading standard of Fed. R. Civ. P. 9(b), demanding specificity with respect to allegations of fraud, Defendants contend that Plaintiff's failure to identify a specific regulation promulgated under the CFA precludes a claim of a "per se" violation. Inasmuch as "[p]roof of a regulation violation will be sufficient to establish unlawful conduct under the Act," Plaintiff fails to identify a specific regulation or articulate an underlying basis suggestive of a particular regulation in support of such a claim. Branigan v. Level on the Level, Inc., 326 N.J. Super. 24, 28 (App. Div. 1999). Notably, breach of contract or warranty alone is insufficient to constitute a "per se" violation of the CFA. Kaspersetz v. Clarks Landing Marina, 2009 N.J. Super. Unpub. LEXIS 1578, *13 (June 18, 2009). Moreover, assuming, without concluding, that Plaintiff's allegations invoke the "Unfair Claim Settlement Practices" regulations, arising under the Unfair Trade

---

[1]Plaintiff's alleged ascertainable loss appears to consist of the unpaid claim, the increase in the cost of her car lease and gasoline, moving expenses and storage costs

Practices Act ("UPTA"), Defendant correctly points out that there is no individual or private cause of action under the UTPA; therefore, to the extent that Plaintiff's claim falls under the UTPA, such claim is dismissed. See Pierzga v. Ohio Casualty Group, 208 N.J. Super. 40, 47 (App. Div.1986).

        ii.        *Applicability of the CFA*

"The courts have recognized the "need to place reasonable limits upon the operation of the [CFA] 'despite broad statutory language[,] so that its enforcement properly reflects legislative intent. . ." Finderne Management Co., Inc. v. Barrett, 402 N.J. Super. 546 (App. Div. 2008). The CFA "is intended to protect consumers by eliminating sharp practices and dealings in the marketing of merchandise and real estate." Lemelledo v. Beneficial Management Corp. of America, 155 N.J. 255 (1997). In Lemelledo, the court commented that "although several lower courts have held that the payment of insurance benefits is not subject to the CFA, our reading of the CFA convinces us that the statute's language is ample enough to encompass the sale of insurance policies as goods and services that are marketed to consumers." 155 N.J. at 265 (internal citations omitted); See Dodd v. Commercial Union Ins. Co., 373 Mass. 72 (1997). However, as New Jersey courts have repeatedly made clear, the CFA seeks to protect consumers who purchase "goods or services generally sold to the public at large." Marascio v. Campanella, 298 N.J. Super 491 (App. Div. 1997). "Furthermore, the entire thrust of the Act points to products and services sold to consumers in the popular sense." Arc Networks Inc. v. Gold Phone Card Co., 333 N.J. Super 587 (2000). "Financial institutions and insurance companies that sell insurance policies as goods and services that are marketed to consumers are subject to the Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 to -20." Plemmons v. Blue Chip Ins. Services, Inc., 387 N.J. Super. 551, 564 (App. Div. 2006).

At the same time, "mere customer dissatisfaction does not constitute consumer fraud." Turf

7

Lawnmower Repair v. Bergen Record Corp., 139 N.J. 392 (1995). Assessing the district court's disposition of a summary judgment motion in In re Van Holt, the Third Circuit Court of Appeals acknowledged the record as devoid of any fraud, misrepresentation or indication whatsoever that defendant misled plaintiff. 163 F.3d 161, 168 (3d Cir. 1998). That case involved an action for unconscionable commercial practice asserted against Liberty Mutual for failing to promptly address plaintiffs' insurance claim and subsequently denying that claim. Id. In that action, the Third Circuit concluded that "New Jersey courts decid[ing] the issue have consistently held that the payment of insurance benefits is not subject to the Consumer Fraud Act." Id.

Therefore, notwithstanding the apparent endorsement in Lemelledo, the application of the CFA to insurance policies is qualified by excluding claims regarding payment of insurance benefits. Given the explicit qualification recognized by the Third Circuit Court of Appeals, this Court cannot permit Plaintiff's CFA claims to proceed insofar as they pertain to the payment of insurance benefits.

### iii. Attorneys Fees under CFA

Additionally, Plaintiff seeks to recover attorneys fees, court costs and filing fees. "In all actions under this section, [ ] the court shall also award reasonable attorneys fees, filing fees and reasonable costs of suit." N.J.S.A. 56:8-19. An attorney appearing *pro se* is not incurring costs on behalf of another and therefore, is not entitled to attorneys fees. See Asaadi v. Meltzer, 280 N.J. Super 68, 75 (1994). "The general requirement of attorney representation in order to collect attorney's fees is well established." Daley v. Fed. Bureau of Prisons, 2006 U.S. App. LEXIS 21770 (3d Cir. Aug. 25, 2006). Therefore, as a *pro se* litigant, Plaintiff will not be awarded attorney's fees in the instant matter.

8

B. Litigation Privilege

In opposition to this motion, Plaintiff asserts that Defendant's conduct, including a letter from opposing counsel, dated May 29, 2008, supports a claim under the CFA.[2] Defendant correctly asserts that letters extended by counsel to advance the objective of this litigation is not actionable. See Thomas v. Ford Motor Co., 137 F. Supp. 2d 575, 580-81 (D.N.J. 2001). "[T]he litigation privilege applies to 'any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" Id. at 582. "For the litigation privilege to apply, the statements at issue must bear some connection or logical relation to the litigation[;] the relationship required is one of "a general frame of reference and relationship to the subject matter of the action." Id. at 586. In New Jersey, the litigation privilege is broad, not only protecting attorneys from defamation claims, but also from a host of other tort-related claims. Loigman v. Twp. Comm., 185 N.J. 566, 584 (2006). However, this protection is subject to limitation. Id. (notwithstanding the broad contours of the litigation privilege, that court declined to give an attorney who willfully and maliciously commenced a frivolous and blatantly unconstitutional garnishment action the protection of the privilege) (citing U.S. General v. Schroeder, 400 F. Supp. 713, 717-18 (E.D. Wisc. 1975)). "Whether a defendant is entitled to the privilege in a particular case is a question of law." Peterson v. Ballard, 292 N.J. Super. 575, 588 (1996) (internal citations omitted).

The communication made by David. F. Swerdlow, Esq. was issued in the course of judicial or

---

[2] Notably, Plaintiff was unaware of the existence of May 29, 2008 letter, which Plaintiff charges as actionable in support of her claim that she was induced by Defendant's misrepresentation to file a claim within a year and a day of the pipe burst, until February, 2009.

quasi-judicial proceedings by an authorized participant in this matter with the objective of advancing this litigation and is logically related to this action. Regardless of the merit of the claims contained in the May 29, 2008 letter, there is no evidence suggesting that such letter is beyond the scope of litigation or frivolous. Therefore, a CFA claim based on defense counsel's May 29, 2008 letter is barred pursuant to the litigation privilege.

C.. Breach of Contract and "Bad Faith" Claims

Defendant's motion pertains only to the portion of the amended complaint concerning the CFA. Therefore, the merit of Plaintiff's claims concerning breach of contract and "bad faith" on behalf of Defendant will not be addressed at this stage in the litigation.

D. Leave to Amend

Precedent establishes that a brief in opposition to a motion to dismiss may not be utilized as a vehicle to amend the complaint. Therefore, this Court is precluded from considering the allegations of fact asserted in Plaintiff's opposition brief. Nonetheless, to the extent Plaintiff can assert a viable claim pursuant to the CFA, containing a particularized statement of fact as to the misrepresentation charged and the consequent damage caused, this Court grants Plaintiff leave to file a second amended complaint.

IV.   CONCLUSION

For the foregoing reasons, Counts Four, Five and Six of Plaintiff's amended complaint are **dismissed** and Plaintiff is **granted** to leave to file a second amended complaint not inconsistent with this Opinion. An appropriate Order accompanies this Opinion.

|  |  |
|---|---|
|  | S/ Dennis M. Cavanaugh |
| Dated:   October  20 , 2009 | Dennis M. Cavanaugh, U.S.D.J. |
| cc:   All Counsel of Record | |
|   Hon. Mark Falk, U.S.M.J. | |
|   File | |