NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELEANOR CAPOGROSSO, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| -vs- | : | Civil Action No. 07-CV-5324 (DMC) |
| 30 RIVER COURT, et al, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant 30 River Court to dismiss Plaintiff Eleanor Capogrosso's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court for the reasons herein expressed that the motion is **denied**.

## I.  BACKGROUND

On October 3, 2007, 30 River Court Renewal Company, in its capacity as landlord, filed a complaint against Eleanor Capogrosso, in her capacity as tenant, in the Superior Court of New Jersey, Law Division, Hudson County, Special Civil Part/Tenancy Department (Docket No. LT-014255-07). In that action, the complaint was premised exclusively on non-payment of rent and the sole relief sought was a judgment for possession against the tenant. In the summary eviction proceeding, on December 19, 2008, the landlord obtained a judgment of default against the tenant. Further, the landlord requested and was granted by that Court a Warrant of Removal. That warrant

was executed and the tenant was removed from the premises at issue.

On November 7, 2007, Eleanor Capogrosso ("Plaintiff") filed a *pro se* complaint against 30 River Court East Urban Renewal Company ("Defendant"), Tower America Management, L.L.C. (improperly named "Newport Tower America Management, L.L.C."), LeFrak Organization, Inc., the United States Department of Housing and Urban Development and Secretary Alphonso Jackson (collectively "Defendants"). That complaint alleges, *inter alia*, personal injury and property damage resulting from a water pipe that burst on April 7, 2007 in Plaintiff's apartment located in Jersey City, New Jersey. Plaintiff alleges direct water damage and property damage as a result of mold caused by the broken pipe. On April 24, 2008, in response to Plaintiff's complaint and in lieu of an answer, Defendant moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for other and further relief as set forth herein. Upon Plaintiff's request, on July 21, 2008, this Court entered a voluntary dismissal of the underlying action with respect to Defendants 30 River Court East Urban Renewal Co., Tower America Management, L.L.C. and Lefrak Organization, Inc. On October 31, 2008, at the request of Plaintiff, the voluntary dismissal entered by this Court upon Plaintiff's request was vacated and the case was re-opened with respect to the dismissed Defendants. Thereafter, Defendant renewed their original motion to dismiss.

The First, Second, Third, Fourth and Fifth Claim for Relief in Plaintiff's original complaint are directed toward the moving Defendant, among other Defendants, in this matter. The first four claims for relief pertain to Plaintiff's purported harm arising from allegations of Defendants negligence and carelessness, and willful, wanton and reckless conduct. The Fifth Claim for Relief alleges that Defendants conducted a reprisal eviction and retaliation under common law.

**II.    LEGAL STANDARD**

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to

2

accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56.

### III.   DISCUSSION

#### A.   *Entire Controversy Doctrine*

Defendant argues that Plaintiff failed to seek leave of court to assert a counterclaim in the underlying the state court eviction action and therefore, Plaintiff's claims pending before this Court are barred pursuant to the entire controversy doctrine. In opposition, Plaintiff argues that the underlying summary eviction proceeding precluded the assertion of counterclaims and further, the underlying summary dispossession action did not result in a binding judgment.

Non-joinder of claims required to be joined by the entire controversy doctrine "shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions)." N.J. Ct. R. 4:30A. Likewise, the Appellate Division has determined that the entire controversy doctrine requires "a party who has elected to hold back from the first proceeding a related component of the controversy be barred from thereafter

3

raising it in a subsequent proceeding." Oliver v. Ambrose, 152 N.J. 383, 393 (1998) (citations omitted). "Consistent with these goals, Rule 4:30A provides a mechanism to prevent fragmentation of litigation." Id. "The entire controversy doctrine encompasses 'virtually all causes, claims, and defenses relating to a controversy.'" Id. (citing Cogdell v. Hospital Center at Orange, 116 N.J. 7, 16 (1989)). "At a minimum, all parties to a suit should assert all affirmative claims and defenses arising out of the underlying controversy." Id. (citing Prevratil v. Mohr, 145 N.J. 180, 187 (1996)). Pursuant to Cogdell, 116 N.J. at 15, "the doctrine also includes counter-claims and cross-claims." Id.; see Ajamian v. Schlanger, 14 N.J. 483, 487 (1954). Pursuant to N.J. Ct. R. 6:3-4, titled No Joinder of Actions, "[s]ummary actions between landlord and tenant for the recovery of premises and forcible entry and detainer actions shall not be joined with any other cause of action, nor shall a defendant in such proceedings file a counterclaim or third-party complaint."

> The summary dispossess statute is intended to "afford landlords an expedited procedure to regain possession of the leased premises, thereby avoiding the delays ordinarily associated with common-law ejectment actions." Hous. Auth. v. Little, 135 N.J. 274, 280 (1994). Possession of the premises is the only available remedy; money damages are not recoverable. *Ibid.* Unpaid rent is the only basis for summary eviction. "A landlord is not entitled to evict based upon failure to pay any attorneys' fees, costs, or late charges, unless there is a lease provision which states that such fees are collectable as rent."

Hodges v. Feinstein, Raiss, Kelin & Booker, LLC, 383 N.J. Super. 596 (2006). The specific purpose of a summary dispossess proceeding is "to secure performance of the rental obligation in actions based on nonpayment of rent." Id. (citation omitted).

"The entire controversy doctrine bars a subsequent action only when a prior action based on the same transactional facts has been tried to judgment or settled." Arena v. Borough of Jamesburg, 309 N.J. Super. 106, 111 (App. Div. 1998).

> It is now well settled that summary dispossess proceedings taken under the Landlord and Tenant Act ®. S. 2:32-265, et seq.) do not result in any judgment that is binding as between the landlord and the tenant. By enacting that the landlord shall remain liable in an action of trespass for any unlawful proceedings under it, the act itself

4

> manifestly deprives the judgment of dispossession of all semblance of a determination of the ultimate right to, as distinguished from the immediate possession of, the premises. The judgment is nothing more than a legal sanction for the issuance of a warrant which acts as a legal justification for the constable or other duly constituted officer removing the tenant from and putting the landlord into possession of the premises.

Galka v. Tide Water Associated Oil Co., 133 N.J. Eq. 137 (Ch. 1943); see Ortiz v. Engelbrecht, 61 F.R.D. 381 (D.N.J. 1973).

The parties do not appear to dispute that the underlying state court action qualifies as a summary action, however, there is contention as to whether the applicable provision is N.J. Ct. R. 4:67-4 or N.J. Ct. R. 6:3-4.  Chapter IV of the Rules Governing the Courts of the State of New Jersey concerns actions in the Superior Court, Tax Court and Surrogate Court.  However, Chapter VI of the Rules Governing the Courts of the State of New Jersey governs proceedings in the Law Division, Special Civil Part/Tenancy Department. The former summary eviction proceeding filed in Superior Court of New Jersey, Law Division, Hudson County, Special Civil Part is subject to the rules articulated in Chapter VI.  Where inconsistencies arise, it would seem that the rules explicitly governing the Special Civil Division should prevail.

As a result, the entire controversy doctrine cannot be read to bar Plaintiff's complaint in the instant proceeding where N.J. Ct. R. 6:3-4 explicitly precludes Plaintiff from asserting any counterclaim pursuant to the summary eviction proceeding and further, the judgment cannot be read as a final disposition on the merits where it amounts to nothing more than a legal sanction for the issuance of a warrant resulting in dispossession.  Insofar as, Defendant contends that Plaintiff's complaint should be dismissed based for failure to comply with the entire controversy doctrine or for failure to seek leave of court to assert a counterclaim pursuant to N.J. Ct. R. 4:67-4, Defendant's motion to dismiss is **denied**.

    B.    *Inherent Power to Prohibit Frivolous and Repetitive Litigation*

Defendant, referencing Plaintiff as a "serial filer," argues that this Court should exercise its inherent power to prohibit frivolous and repetitive litigation by Plaintiff. Further, Defendant requests this Court to invoke its inherent sanctioning power by issuing an order precluding Plaintiff from filing any future actions without prior leave of court. In support of this contention, Defendant cites to the order issued by New York State Court. That order bars Plaintiff from filing any further actions on her own behalf without prior court approval after Plaintiff filed fifteen actions in New York State Court. Further, Defendant also cites two other actions instituted by Plaintiff, including one against the moving Defendant in this matter for malicious prosecution and one against members of the New Jersey Judicial Community. In opposition, Plaintiff contends that Defendant's argument concerning frivolity and repetition fails to address the underlying merits of the claim in the instant matter. Further, Plaintiff contends that the complaint in the instant matter is with merit.

"[I]nherent powers include the power to fine, to disqualify counsel, to preclude claims or defenses, and to limit a litigant's future access to the courts." In re Tutu Wells Contamination Litig., 120 F.3d 368, 383 (3d Cir. 1997), cert. denied, Gal v. Plaskett (In re Tutu Wells CERCLA Litig.), 540 U.S. 984 (2003)."Inherent powers must be exercised with restraint and discretion." Nat'l Bus Adjusters, Inc.v. NuEnergy Group, Inc., 2007 U.S. Dist. LEXIS 72609, *13 (D.N.J. Sept.28, 2007) (citing Republic of the Phillippines v. Westinghouse Elec. Corp , 43 F.3d 65, 74 (3d Cir. 1994)). "A primary aspect of a district court's discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id.

Although Plaintiff's conduct has led the New York State Court to issue an order requiring Plaintiff to obtain court approval prior to instituting court proceedings in that jurisdiction, the Plaintiff is not altogether barred from filing a meritorious action. With respect to the underlying complaint in this matter, while directing the Court to the allegations relevant with respect to

Defendant, the moving papers do not appear to offer an argument as to why the respective allegations fail to raise a right to relief above a speculative level. Absent such an argument and in light of the fact that all inferences are to be drawn in favor the Plaintiff, this Court declines to dismiss the complaint on the ground that Plaintiff's conduct is frivolous and repetitive at this time. Defendant's motion is **denied**.[1]

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **denied**. An appropriate order accompanies this opinion.

                                                              /s/ Dennis M. Cavanaugh
                                                            Dennis M. Cavanaugh, U.S.D.J.

Dated:        December 14, 2009
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File

---

[1] Plaintiff requests an award of sanctions and costs against Defendants' counsel, Sheldon M. Finkelstein, Esq. Pursuant to Fed. R. Civ. P. 11(c)(2), "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." At this time, without a separate motion, Plaintiff's request will not be entertained by this Court.