NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELEANOR CAPOGROSSO, | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff, | : | **OPINION** |
|  | : |  |
| -vs- | : | Civil Action No. 07-CV-5324 (DMC) |
|  | : |  |
| 30 RIVER COURT, et al, | : |  |
|  | : |  |
| Defendants. | : |  |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

      This matter comes before the Court upon motion by Defendant United States Department of Housing and Urban Development ("HUD") to dismiss Plaintiff Eleanor Capogrosso's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(c). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court for the reasons herein expressed that the motion is **granted** with respect to Defendant HUD**.**

**I.     BACKGROUND**

      On November 7, 2007, Eleanor Capogrosso ("Plaintiff") filed a *pro se* complaint against 30

River Court East Urban Renewal Company ("Defendant"), Tower America Management, L.L.C. (improperly named "Newport Tower America Management, L.L.C."), LeFrak Organization, Inc., the United States Department of Housing and Urban Development and Secretary Alphonso Jackson (collectively "Defendants"). That complaint alleges, *inter alia*, personal injury and property damage resulting from a water pipe that burst on April 7, 2007 in Plaintiff's apartment located in Jersey City, New Jersey. Plaintiff alleges direct water damage and property damage as a result of mold caused by the broken pipe.

Plaintiff notified Defendant HUD of the remedial steps taken by Plaintiff's landlord in response to the event. Further, Plaintiff notified HUD that Plaintiff's insurance company retained two separate firms, Phase Associates, LLC and Air Consulting Services, LLC, to inspect the premises and updated HUD concerning the reports submitted by those firms, documenting a presence of mold and outlining remedial measures. On September 14, 2007, HUD informed Plaintiff by letter that a hotline case file had been opened in Plaintiff's matter. On October 24, 2007, HUD informed Plaintiff by letter that the case file in Plaintiff's matter was closed, that such decision was final and that there was no right to appeal. HUD never investigated the subject premises with regard to Plaintiff's claim.

**II.   STANDARD OF REVIEW**

   A.   Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.,

2

140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). While under the liberal notice pleading standard a plaintiff is not required to plead facts sufficient to prove its case, there still must be an underlying claim for relief before the court. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir 2004). To defeat a 12(b)(6) motion, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

  B. Fed. R. Civ. P. 56

"A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston v. U.S. Postal Serv., 2009 U.S. App. LEXIS 5673 (3d Cir. 2009). However, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

"A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). "[T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court --

3

that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Cartrett, 477 U.S. 317, 325 (1986). "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c)." Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal citations omitted). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." See Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Id. (quoting Lujan v. National Wildlife Fed'n., 497 U.S. 871, 889 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." Schoch, 912 F.2d at 657.

**III.     DISCUSSION**

    *A.     Judicial Review*

Defendant asserts that there was no duty to investigate the premises at issue. Defendant HUD asserts sovereign immunity and claims that judicial review of Plaintiff's claim against HUD is foreclosed because any alleged obligation to investigate is entirely discretionary.

Pointing to a number of sources and underscoring one passage in particular, Plaintiff contends that Defendant HUD had a duty to investigate the subject premises and a failure to investigate permits judicial review. In support of the contention that HUD has an affirmative duty to maintain the premises at issue, Plaintiff broadly cites the Code of Federal Regulations, 24 C.F.R. sections 207, 220, 221(d)(4), 231 and 232. Moreover, citing to the Statement of Regulatory and Deregulatory Priorities, Plaintiff supports the argument that HUD has a duty to investigate with the following excerpt:

> HUD insured multifamily housing . . . must currently meet standards and must undergo an annual physical inspection to determine that the housing qualifies as decent, safe, sanitary and in good repair.

Lastly, Plaintiff offers the contract between Defendant HUD and Defendant 30 River Court as support for the proposition that Defendant is obligated to maintain the mortgaged premises. Additionally, Plaintiff asserts that judicial review is not foreclosed where there is no adequate remedy at law. Further, in conducting judicial review, at a minimum, Plaintiff contends that the agency's decision must be set aside as arbitrary and capricious under 5 U.S.C. § 706 for a failure to comply with the requirements of 5 U.S.C. § 555.

"A waiver of sovereign immunity must be express and unambiguous in order to confer federal courts with subject matter jurisdiction." Cudjoe v. Dept. of Veterans Affairs, 426 F.3d 241, 246 (3d Cir. 2005) (citing U.S. v. Bein, 214 F.3d 408, 412 (3d Cir. 2000)); see also U.S. v. U.S. Fidelity & Guaranty Co., 309 U.S.506, 514 (1940) ("Consent alone gives jurisdiction to adjudge against a sovereign. Absent that consent, the attempted exercise of judicial power is void."). "A waiver 'must be unequivocally expressed in statutory text . . . and will not be implied.'" Id. (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)). "With respect to its scope, any waiver of sovereign immunity must be strictly construed in favor of the sovereign." Id. (citing Orff v. U.S., 545 U.S. 596 (2005)). "The terms of [the] waiver define the extent of the court's jurisdiction." Id. (citing U.S. v. Mottaz, 476 U.S. 834, 841 (1986)). "[A]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Stehney v. Perry, 101 F.3d 925, 933 (3d Cir. 1996) (citing F.D.I.C. v. Meyer, 510 U.S. 471 (1994)). Judicial review of agency action is a prerequisite to the question of sovereign immunity. In the absence of a showing of a non-discretionary duty to investigate, this Court will not reach the issue of whether Defendant HUD has waived sovereign immunity.

Title 5, section 704 permits judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." Pursuant to 5 U.S.C. § 706, a reviewing court may "hold unlawful and set aside agency action, findings and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." Title 5, section 704 permits judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." Pursuant to 5 U.S.C. § 702,

> [a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial relief thereof. An action in a court of the United States seeking relief other

> than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree or decree may be entered against the United States.

However, 5 U.S.C. § 701(a) limits the foregoing provision, providing "this chapter applies, according to the provisions thereof, except to the extent that – (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."

"[A]gency decisions whether to take enforcement action are generally committed to agency discretion." Harmon Cove Condominium Assoc. v. Marsh, 815 F.2d 949, 951-52 (3d Cir. 1987) (citing Heckler v. Chaney, 470 U.S. 821, 831-32 (1985)); 5 U.S.C. § 701(a)(2).

> [An] agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing. The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities. Similar concerns animate the principles of administrative law that courts generally will defer to an agency's construction of the statute it is charged with implementing, and to the procedures it adopts for implementing that statute.

Id. In Heckler, the United States Supreme Court concluded that "such decisions are presumptively immune from judicial review under the Administrative Procedure Act." Id. Notably, however, the Court indicated "that the presumption 'may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers.'" Id. "The general exception to reviewability provided § 701(a)(2) for action 'committed to agency discretion' remains

7

a narrow one, but within that exception are included agency refusals to institute investigative or enforcement proceedings, unless Congress has indicated otherwise." Id. at 836 (internal citation omitted).

The excerpt above underscored by Plaintiff, imposes upon Defendant HUD an obligation to conduct annual inspections.  However, there is no indication that there is an obligation to conduct investigation upon complaint.  Further, there is no evidence that Defendant has failed to satisfy the obligation requiring annual inspection.  To the contrary, Plaintiff cites two occasions on which such annual inspections were performed; however, there is no evidence that such investigations were instituted upon complaint.  While there appears to be a non-discretionary duty to conduct annual inspections, this Court cannot infuse the regulations with an obligation to investigate upon complaint. In the absence of explicit regulatory language to the contrary, the agency appears to be vested with sound discretion as to whether to institute investigatory proceedings.  A reading to the contrary, infuses the regulation with a meaning that is not otherwise present.[1]

Judicial review is a prerequisite to the Court's ability to set aside any agency action found to be arbitrary and capricious.  A decision committed to agency discretion, however, precludes judicial review.  Essentially, Defendant HUD's opening and closing the file amounts to nothing more than a refusal to investigate. In declining to initiate investigatory proceedings upon complaint, the agency acted within its discretion.  Therefore, the Court declines to pass on whether a refusal to investigate

---

[1] Plaintiff also contends that Defendant HUD failed to provide a brief explanation, as required by 5 U.S.C. § 555.  Given that the Court is precluded from judicial review of decisions committed to agency discretion and further, given that Plaintiff's purpose in requesting the Court to compel the exercise of such a duty is to develop a record for purposes of judicial review, the Court declines to pass upon the matter.

constitutes an arbitrary or capricious measure.

    *B.    Standing*

        i.    <u>Constitutional/Statutory</u>

Defendant HUD contends that Plaintiff's complaint with respect to HUD should be dismissed for lack of standing and consequently, jurisdiction. Defendant contends that Plaintiff lacks standing to assert a claim against HUD because the injury complained of is not traceable to Defendant HUD. Plaintiff alleges economic and non-economic injuries, including health problems, relocation and storage costs. Plaintiff contends that these injuries arose as a consequence of HUD's failure to inspect and to conduct oversight of the remediation measures taken by the non–federal Defendants. Further, pursuant to 5 U.S.C. § 704, Plaintiff contends that in the absence of an adequate remedy at law, the Court is permitted to entertain Plaintiff's complaint with respect to Defendant HUD.

Constitutional standing refers to "the power of a federal court to resolve a dispute." <u>Graden v. Conexant Sys. Inc.</u>, 496 F3d 291, 295 (3d Cir. 2007). Statutory standing contemplates whether "Congress has accorded this injured plaintiff the right to sue the defendant to redress his injury." <u>Id</u>.

To bring a suit in a federal court, the plaintiff must have standing pursuant to Article III of the United States Constitution. To establish standing under Article III, the plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability. <u>Horvath v. Keystone Health Plan E., Inc.</u>, 333 F.3d 450, 455 (3d Cir. 2003); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

> First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to

merely speculative, that the injury will be redressed by a favorable decision. Id. (citing AT&T Communications of N.J., Inc.v. Verizon N.J., Inc., 270 F.3d 162, 170 (3d Cir. 2001)).

"Where [ ] an action is brought in federal court challenging federal administrative action as inconsistent with a statute, the plaintiff must meet two requirements to show standing: (1) the challenged action must have injured some interest of the plaintiff, and (2) Congress must have intended that plaintiff be permitted to seek judicial review of such statutory violations." Davis v. Romney, 490 F.2d 1360, 1363 (3d Cir.1974) (citing Sierra Club v. Morton, 405 U.S. 727 (1972)). "Unlike the first requirement, the requisite of Congressional authorization does not derive from the limitation of Article III courts to decision of cases or controversies; it is not designed to ensure a contest between adverse interests." Id. "Instead, the second standing requirement derives from Congressional power to regulate, within limits, jurisdiction of the federal courts." Id.

"Before the Court can hear a suit, the party seeking a form of relief must have standing to pursue that form of relief. If a party does not have standing to seek a form of relief, then the Court does not have subject matter jurisdiction to hear the plaintiff's request for that form of relief." Burch v. Billingtier, 2003 U.S. Dist. LEXIS 4975, *27-28 (E.D. Pa. Mar. 13, 2009). "To have standing to sue for injunctive or declaratory relief, the person suing must be the person who will be injured by the future action." Id. "To the extent that the plaintiff seeks monetary damages from the HUD defendants, the [Administrative Procedure Act ("APA")] does not abrogate HUD's sovereign immunity. To the extent that the plaintiff seeks equitable relief from HUD, the question in whether judicial review of HUD's decisions is available. If judicial review is available, then the APA waives HUD's sovereign immunity." Id. Title 5, section 704 permits judicial review of "[a]gency action

made reviewable by statute and final agency action for which there is no other adequate remedy in a court."

Plaintiff's complaint alleges that the purported injuries arose as a consequence of the failure to investigate, however, as indicated above, there is no affirmative non-discretionary duty to conduct investigation upon complaint. Plaintiff's injuries cannot be read to have arisen from Defendant HUD's failure to investigate because HUD had no statutory duty to investigate upon complaint. Given that judicial review of discretionary conduct is foreclosed, Plaintiff has no standing to assert a claim against Defendant HUD and no right to injunctive relief against Defendant HUD. Further, Plaintiff cannot recover damages from Defendant HUD pursuant to 5 U.S.C. § 702. Moreover, Plaintiff has an adequate remedy at law available and to the extent Plaintiff seeks an equitable remedy entitling Plaintiff to possession of the premises from which Plaintiff was evicted, such a remedy arises with respect to the owner of the premises. Therefore, with respect to Defendant HUD, in isolation, Plaintiff's complaint is dismissed. However, the complaint is preserved with respect to the other named Defendants.

    ii.    Privity of contract

Additionally, for purposes of completeness, Plaintiff seeks to assert rights and remedies pursuant to the Regulatory Agreement, a contract between Defendants, 30 River Court and HUD. Plaintiff is neither a party to the contract nor has Plaintiff established privity of contract. In addition, there is no indication that Plaintiff stands as a third-party beneficiary with respect to the contract. See Doe v. Pa. Bd. of Prob. & Parole, 513 F.3d 95, 106 (3d Cir. 2008); Angelton v. Pierce, 574 F. Supp. 719, 735-36 (D.N.J. 1983) (generally, "tenants are not intended beneficiaries of the mortgage guarantee agreements between a landlord and HUD[;] [T]he regulatory agreement is primarily a loan

11

agreement and does not disclose an intent to benefit tenants except as they might be incidental beneficiaries."). In the absence of such a showing, to the extent Plaintiff's complaint may be read as an application to institute remedies pursuant to that contract or enforce rights and obligations pursuant to that contract, Plaintiff lacks standing.

    C.    *Service of Process*

Lastly, Defendants contend that service of the complaint was untimely pursuant to Fed. R. Civ. P. 4(m) and further, absent a showing of good cause, the complaint should be dismissed. By contrast, although Plaintiff relayed to the United States Department of Justice her intention to serve process in acccordance with Fed. R. Civ. P. 4(I), Plaintiff contends that a member of the United States Department of Justice represented to her that service of the summons and complaint via certified mail would suffice. Further, Plaintiff asserts that this representation amounts to waiver. Assuming, without concluding, that such representation was made to Plaintiff, Plaintiff has shown good cause for the alleged non-compliance.[2]

**IV.**    **CONCLUSION**

For the foregoing reasons, Defendant HUD's motion to dismiss is **granted** with respect to Defendant HUD, in isolation. Plaintiff's claims with respect to the other named Defendants are preserved. An appropriate order accompanies this opinion.

    S/Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Dated:    December 23, 2009
cc:    All Counsel of Record
    Hon. Mark Falk, U.S.M.J.
    File

---

[2] It is not necessary to reach the merits of this claim, with respect to Defendant HUD, at this time. Therefore, the motion will not be addressed on the basis of summary judgment.