NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELEANOR CAPOGROSSO | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action 2:07-cv-5324 (DMC)(JAD) |
| 30 RIVER COURT EAST URBAN RENEWAL CO., et al., | : | |
| Defendants | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

     This matter comes before this Court upon motion by 30 River Court East Urban Renewal Co., et al ("Defendant") for the award of counsel fees pursuant to 28 U.S.C. § 1927. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  After carefully considering the submissions of all parties, it is the decision of this Court that Defendants' motion is **denied**.

## I.   BACKGROUND

     This motion arises from the adjudication of a previous action between the parties that resulted in this Court's dismissal of Plaintiff's complaint based on Plaintiff's willful spoliation of evidence and her failure to comply with a November 23, 2009 discovery Order issued by this Court.

1

II.   **LEGAL STANDARD**

It has been well settled in the Third Circuit that 28 U.S.C. § 1927 requires a finding of

four elements for the imposition of sanctions: "(1) multiplied proceedings; (2) unreasonably and

vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with

intentional misconduct." *LaSalle Nat'l Bank v. First Connecticut Holding Group,* 287 F.3d 279,

288 (3d Cir.2002). *See Also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,*

278 F.3d 175, 180 (3d Cir.2002); *Hackman v. Valley Fair,* 932 F.2d 239, 242 (3d Cir.1991);

*Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3rd Cir.1989); *Baker Industr. Inc. v.*

*Cerberus, Ltd.,* 764 F.2d 204, 208 (3d Cir.1985). Moreover, "[T]he principal purpose of

imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay

in the proceedings." *Zuk v. Eastern Pa. Psychiatric Inst.,* 103 F.3d 294, 297 (3d Cir.1996)

(citation omitted). *See  In re Jazz Photo Corp.,* 312 B.R. 524, 540 (Bkrtcy.D.N.J.,2004).The

imposition of sanctions for misconduct by attorneys is a power which the "courts should exercise

only in instances of a serious and studied disregard for the orderly process of justice." *Williams v.*

*Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3d Cir.1989) (quoting *Overnite Transp. Co. v.*

*Chicago Industrial Tire Co.,* 697 F.2d 789, 795 (7th Cir.1983) (citation omitted)). As a

precondition to the imposition of attorneys' fees under § 1927 a finding of "willful bad faith on

the part of the offending attorney" is required. *Id.* As the Third Circuit explained, "to justify the

imposition of excess costs of litigation upon an attorney his conduct must be of an egregious

nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation.

The section is directed against attorneys who willfully abuse judicial processes." *Matsushita*

*Battery Indus. Co., Ltd. v. Energy Conversion Devices, Inc.,* 1997 WL811563, 8 (D.Del.)

(D.Del.,1997).

## III.   <u>DISCUSSION</u>

This is an extremely close case.  There is little doubt that Plaintiff's willful behavior as detailed in this Court's Opinion of August 26, 2010 was unreasonable and vexatious, caused the proceedings to be multiplied and certainly contributed to the accumulation of attorney's fees for which Defendant now seeks to recover. While this Court found bad faith in Plaintiff's conduct, and in large part dismissed Plaintiff's complaint for that reason, the bad faith was not of the type that warrants the sanctions which Defendant requests.  It appears from Plaintiff's long history with this Court that she is simply unable to conduct herself with the appropriate respect for Court Orders and Rules that Defendant had every right to expect. Nonetheless, to sanction her for conduct that, while in bad faith, was beyond her ability to prevent seems unduly burdensome to Plaintiff. This Court finds that her behavior, while egregious, was not intended to "willfully abuse judicial processes." Plaintiff's disregard of judicial process appears not to have been "studied" but was, rather, the result of a frantic scramble to maintain a meritless cause of action. Moreover, to the extent that sanctions under 28 U.S.C. § 1927 are intended to deter vexatious conduct, this Court fears that imposing sanctions in this case would have the opposite effect, and would only invite another round of fruitless and expensive battle which Defendants would have to defend against.

**IV.**     **CONCLUSION**

For the foregoing reasons, this Court declines to impose sanctions pursuant to 28 U.S.C.

§ 1927. Defendant's motion is **denied**. An appropriate order follows this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.


Date:   November   18  , 2010
cc:     Hon. Joseph A. Dickson, U.S.M.J.
        Counsel of Record

4